## Case No. 8,257.

### LEONARD v. CASKIN.

[Bee, 146.] [1]

District Court, D. South Carolina. June 10, 1799.

BAIL IN CIVIL CASES—SPECIAL BAIL — PENALTIES —PROBABLE CAUSE ON OATH.

Probable cause on oath must be set forth to justify the court in holding defendant to special bail, under act of congress of 26th February, 1795 [1 Stat. 420].

In admiralty.

BEE, District Judge. The order for bail was grounded on the third section of an act of congress passed 26th February, 1795, which enacts, that "in all suits or prosecutions for the recovery of pecuniary penalties prescribed by the laws of the United States, the persons shall be held to special bail, subject to the rules and regulations which prevail in civil suits, in which special bail is required;" and on the twenty-fourth section of the circuit court law of this state passed in 1769, by which it is provided that "no person shall be held to bail for debt, unless duly attested, &c.; nor for any other cause without a judge's order on probable cause of action shewn, to be indorsed on or annexed to the writ, &c." The only question is whether the affidavit now produced shews sufficient probable cause. Bail not being generally required, in England, on penal statutes, no case from the English books seems to apply here, except that from 3 Burrows, 1569, where a forfeiture was sued for under the 26 Geo. II. c. 21, which expressly authorizes special bail. It was objected that the defendant's offence was not sufficiently specified in the affidavit of the plaintiff, who merely swore that he had cause of action against defendant for £200 forfeited by him for having a quantity of unsealed silk in his possession. It was contended that this was making the plaintiff a judge of the offence, &c. But the court held that the affidavit was sufficient; and added, that the act required

no affidavit at all. In the present case it is contended that the affidavit on which this order is grounded is only the opinion and belief of a customhouse officer as to several communications which are set forth; and the only fact sworn to is, that the collector here has received a letter from the collector of Georgia, containing one from the collector of New York, which gives the substance of Captain Leonard's information against this defendant. It is said further, that this information is not on oath, and, if it were, contains no ground of forfeiture or penalty. That the letters amount to nothing more than verbal declarations not sworn to; and that there is no instance of a court's ordering special bail to be taken, without affidavit of facts. On the other side it was alleged by the district attorney, that the affidavit he had procured was the best he could procure. That the words "probable cause," if they mean any thing, mean more than is admitted on the other side; and that if this construction be admitted, the clause is nugatory, as few suits can be commenced under other than the present circumstances. That the communications in this case authorize bail as fully as an oath merely on appearances; and that prosecutions of this sort will be defeated unless bail is required. The argument ab inconvenienti was much relied upon on both sides; but I cannot see that it avails here. The only matter for my consideration is, whether the affidavit sets forth probable cause. In the case from Burrows, 1569, the plaintiff swore positively that defendant had forfeited £200. In this case there is no positive evidence, on oath or otherwise, that this penalty is incurred. Captain Leonard only says that he boarded this vessel at sea, that she had on board ten slaves, and was going from Martinique to the Havanna. This might give cause for suspicion, but no more. The act of congress declares that the persons on board must be taken and transported with intent and purpose to sell them as slaves. The bare transportation of negroes from one place to another without proof of an intention to sell, will not incur this penalty. If the intention had been sufficiently made out, I should have thought the circumstances amounted to probable cause, and should have continued the order for bail; but as all the matters stated may be facts, and yet not amount to forfeiture, or incur penalty, I direct that the order be rescinded, and the defendant admitted to file common bail.

---

[1] [Reported by Hon. Thomas Bee, District Judge.]